No. 558

HYATT v. GOULD

No. 19811. Supreme Court

On motion to certify. Dock. May 7, 1926.

707. LEASES—Where the lessee under a lease, assigns his interest to a third party for the purpose of negotiating a sale of said lease, and the rent called for is not paid for a period of a few months, may the court enjoin the lessor from declaring a forfeiture at the instigation of the assignee.

Louis H. Gould, brought this action originally in Lucas Common Pleas against Walter Hyatt for an injunction against Hyatt from declaring a forfeiture of a certain lease.

It appears that Hyatt leased certain premises in the city of Toledo to one George Pfeifer and that said lease provided in part "that said lessee will not assign or transfer said lease - - - - without the written consent of the lessor."

Pfeifer and Gould subsequently entered into an agreement whereby Pfeifer assigned the lease to Gould for the purpose of selling the same.

The rent was not paid for two months and thereupon Hyatt through his attorney by registered mail notified Gould and Pfeifer that the lease was therefor declared cancelled and forfeited.

Thereupon Gould tendered payment of the rent which was refused.

The Common Pleas rendered judgment in favor of Hyatt, which judgment was reversed by the Appeals, the Appeals granting a perpetual injunction against forfeiture and cancellation.

Hyatt of the Supreme Court contends:

1. That the injunction should not have been granted because the court cannot restore the parties status quo.

2. That the court cannot on a petition of an agent or trustee of an exrpess trust enjoin a forfeiture without having jurisdiction of the principal or cestui.

3. That the injunction releases the lessee from further obligations under the lease but imposes upon the lessor the full obligations of said lease.

Attorneys—Seeley & Wolf, for Hyatt; Tracy, Chapman & Welles for Gould; all of Toledo.